WILLIAM F. LIPPITT, Plaintiff and Appellant, *v.* CONCHA (NICOLASA) LLANOS, Defendant and Appellee.

No. 6209.   Argued December 15, 1933.—Decided July 24, 1934.

*L. Freyre Barbosa* for appellant.   *Samuel R. Quiñones* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

In an unlawful detainer suit after hearing the evidence of both parties, the District Court of San Juan decided in favor of the defendant on the theory that there was a conflict of titles and hence an unlawful detainer suit was not the proper procedure.  The complaint sets up, in effect, that the plaintiff was the owner of the lot described; that he leased it to Valentín Cruz, son of the defendant; and that the said Valentín Cruz with the consent of the plaintiff

erected a house on the said property; that, subsequently, the plaintiff brought suit against Valentín Cruz for the recovery of rents and obtained judgment; that the said described house was sold at public auction by the marshal and that "no bids having been presented at the auction, counsel for the plaintiff moved for the award of the said house for the amount of the claims."

The complaint then goes on to say that the house is occupied by Concha Llanos, mother of the defendant (sic) who refuses to make any contract of lease or to vacate the house leaving it at the free disposition of its owner, the complainant, and as a result thereof the defendant is holding the property precariously. The complaint was answered with a general denial and with the averment that the house is the property of the defendant as she had constructed it with her own funds and with her own materials.

At the trial the plaintiff gave evidence tending to show that he had rented the property to Valentín Cruz who, while he was in Puerto Rico, paid the rent therefor and that after he left, his mother paid the rent for him; that the property was always rented in the name of Valentín Cruz; that she always represented her son. There was other evidence tending to show that the house was erected by the son.

The defendant gave testimony tending to show that she had always lived in the house in question; that it never belonged to Valentín Cruz; that when her son went to New Yor she paid the rent but always in the name of her son; that she had never paid taxes on the property; she also made the very remarkable statement that her son had rented the property in order that she might build a house thereon. There was also the testimony of a carpenter to the effect that the house was entirely built by Concha (Nicolasa) Llanos with her own funds.

In fact, for the purpose of this opinion it may be considered that she proved that the house was built by her, but there is not the slightest evidence in the record that the plain-

tiff had any other idea than that it was Valentín Cruz who built the house in accordance with the consent obtained from the plaintiff.

The only possible title that could arise in the defendant in this case, would be by reason of accession covered by Sections 360 *et seq* of the Civil Code. Section 360 sets up the very general rule, as follows:

"The ownership of property, whether movable or immovable, carries with it the right, by accession, to everything which is produced thereby, or which is united thereto or incorporated therewith, either naturally or artificially."

In other words, that the accessory follows the principal.

The exceptions to this rule are set forth in Section 370 as follows:

"The owner of the land which has been built upon, sown, or planted in good faith, has the right to appropriate as his own, the work, sowing or planting, by previously paying the indemnity specified in Sections 455 and 456 of Chapter III, Title V, and to oblige the person who has built or planted to pay him the value of the land, and the person who sowed, to pay the corresponding rent."

The rights given under this section, in any event, are either a right of indemnization to the person who built on the property or a right of indemnization to the owner of the land. It does not appear, at least it does not necessarily appear, that as against the owner any real right arises. Assuming, however, that one who builds in good faith acquires a good title, yet, the provisions of Section 371 are thus:

"He who builds, plants, or sows in bad faith on another's land, loses what he has built, planted or sown, without having any right to indemnity."

Of course, it is ordinarily the law that good faith is presumed, but this presumption is destroyed when a house is erected on the property of another. Then it is incumbent on the person who erected the house to show that he or she di dso in good faith. The very opposite appears in this case.

The defendant states that her son rented the property in order that she might build a house thereon. It may be admitted that the defendant believed that she had a right to built the house, but when she sets up and avows that her son rented the property for the purpose of permitting her to build a house thereon, what results is not good faith but bad faith. No one has the right to rent property in order to allow another one to build a house thereon, especially if the other person is going to attempt, or does claim title. However, even with the admission on the part of the defendant, one who builds a house without permission on the land of another is not acting in good faith. The case presents no exception to the rule that the accessory follows the principal.

This is not a case where assuming the possibility of title the defendant has presented evidence tending to show such a title because from the evidence no such title exists or could exist. The contention in opposition is that the defendant would be without remedy, because the evidence presented by the defendant, if it proves anything, tends to show a complete title to the house in herself and the plaintiff in this case could never recover against the defendant, neither by an unlawful detainer suit nor by a suit in ejectment. We may add that what the defendant offers here is the evidence of the whole title so far as she has any.

In the law of unlawful detainer there is no provision by which the courts are prevented from deciding in any case the right of a plaintiff whether the defendant sets up a title or not. What the Supreme Court of Spain has done and we have done is to hold that where a conflict of titles arises the plaintiff must seek his remedy in an ordinary suit and not by way of unlawful detainer. This principle should not be extended to cases where there is no possibility of title in the defendant. The plaintiff in this case, perhaps, might have had a right to treat the property as his own, if he had known that it was built by somebody under a claim of right. The plaintiff, however, thought that the house belonged to

Valentín Cruz and proceeded to execute it in recovery of rents. In either event, the title to the property under either the theory of the plaintiff or of the defendant, now belongs to the plaintiff.

The judgment should be reversed and another rendered ousting the defendant.

Mr. Chief Justice Del Toro and Mr. Justice Hutchison dissented.